IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, #B52858, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1304-MJR |
| ) | |
| IDOC and C/O BELFORD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff William A. Malone, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Belford has taken retaliatory action against him and encouraged other inmates to harm Plaintiff. (Doc. 1). On the first page of the complaint, Plaintiff has written "Emergency Injunction." *Id*. Out of an abundance of caution, the Court construes the complaint as including a motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b), a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), as well as a general prayer for injunctive relief.

Plaintiff has not paid the $400 filing fee, nor has he sought leave to proceed *in forma pauperis* ("IFP") in this case as he is required to, *see* 28 U.S.C. § 1914(a). As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay or move for IFP status (*see* Doc. 2). Regardless, because Plaintiff seeks emergency injunctive relief, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th

Cir. 2012). However, Plaintiff must still meet his obligations with regard to the filing fee. Plaintiff must either pay the $400 filing fee or submit a motion for leave to proceed IFP in this action, together with his inmate trust fund account statement for the six-month period prior to the filing date of this case, **no later than December 24, 2015**. If Plaintiff fails to either pay or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b).

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff's complaint is difficult to understand and contains 45 pages of confusing, unnecessary, and repetitive exhibits. (*See* Doc. 1). It is unclear what claims Plaintiff intends to bring against whom. The caption lists the Illinois Department of Corrections ("IDOC"), but IDOC is not listed as a defendant elsewhere. (Doc. 1, p. 1). Instead, under the section entitled "Defendants," Plaintiff lists correctional officer Belford, "Inmates That Are Not ADA's," and correctional officers Bailey, Ebbers, Winberry, Wolf, and Heidemann. *Id*. at 1-3.

As a preliminary matter, it is unclear whether Plaintiff intended to bring suit here against Bailey, Ebbers, Winberry, Wolf, and Heidemann. Plaintiff makes no allegations against these individuals (Bailey, Ebbers, Winberry, Wolf, and Heidemann) in the present complaint nor does he even mention them in his statement of the claim. He indicates that he named Bailey, Ebbers, Winberry, Wolf, and Heidemann as defendants in prior lawsuits, and that it was because of these

lawsuits that Defendant Belford is now retaliating against him. Since Plaintiff alleges no new claims against these individuals, the Court will not treat them as defendants in this suit.

Likewise, Plaintiff has listed "Inmates That Are Not ADA's" under the section designated for Defendants. Under this section, Plaintiff alleges that officials at Pinckneyville force up to four men (some disabled and some not) into cells designed for two disabled inmates. *Id*. at 3. Plaintiff complains that the non-disabled inmates are not trained to deal with disabled inmates. *Id*. Plaintiff also claims that Defendant Belford has encouraged the non-disabled inmates to kill pedophiles and rapists in the cell. *Id*. Plaintiff does not indicate whether he falls into either of these categories. It is unclear whether Plaintiff intends to bring a § 1983 claim against these unnamed, non-disabled inmates, or if he has included these allegations simply as a way to bolster his claim against Defendant Belford. Either way, Plaintiff may not sue other inmates in an action brought under § 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show the deprivation of a constitutional right by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 49 (1988). Another inmate is not a "state actor" as contemplated under § 1983. For this reason, "Inmates That Are Not ADA" will not be considered defendants in this action.

Having addressed these ancillary matters, the Court turns now to Plaintiff's primary claim, which involves Defendant Belford. Plaintiff asserts that Belford has harassed and threatened Plaintiff in an attempt to retaliate against Plaintiff for filing lawsuits against Belford's co-workers. Specifically, Plaintiff claims that Belford has acquired information related to Plaintiff's criminal record and publicly shared it with staff and other inmates in a highly degrading manner. *Id*. at 1-2. Plaintiff further alleges that Belford has encouraged other inmates to physically harm Plaintiff and that they have done so. *Id*. at 2. In addition, in the "Statement

of Claim," Plaintiff claims that he recently felt like his life was being threatened when Defendant Belford told him that if he were still in the military, he would have a "green light" to take out a "piece of shit like you." *Id*. at 6. Belford went on to make additional threatening and bigoted comments.

Plaintiff seeks injunctive relief only. He requests that Defendant Belford be "placed under investigation for his crimes against the Plaintiff, that he be relieved of duty, and a protection order be placed upon him to stay away from the Plaintiff." *Id*. at 7. In addition, he requests that all non-physically disabled inmates be removed from cells that were designed for disabled inmates. *Id*.

## Discussion

Treating Plaintiff's allegations as true, as it must at this stage, the Court finds that the complaint sets forth two actionable claims: an Eighth Amendment claim (Count 1) against Defendant Belford for his deliberate indifference to Plaintiff's safety; and a First Amendment retaliation claim (Count 2) against Defendant Belford for taking retaliatory actions against Plaintiff after Plaintiff sued some of Belford's co-workers. If Plaintiff were seeking monetary damages, he would be allowed to proceed on both claims against Defendant Belford, in his individual capacity. But he is not. Plaintiff seeks only injunctive relief.

Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Therefore, the Court will direct the Clerk of Court to name as a Defendant, the **WARDEN OF PINCKNEYVILLE**, in his or her official capacity, for purposes of injunctive relief only on

Counts 1 and 2.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[1]  Since the Warden of Pinckneyville is the proper defendant for purposes of injunctive relief, and Plaintiff could not seek monetary damages against the Illinois Department of Corrections, even if he wished too,[2] the Illinois Department of Corrections shall be **DISMISSED WITHOUT PREJUDICE**.  Furthermore, because Plaintiff does not seek monetary damages against Defendant Belford, and Belford is not a proper defendant for purposes of injunctive relief, Defendant Belford shall also be **DISMISSED WITHOUT PREJUDICE** at this time.  If Plaintiff intended to sue Defendant Belford, in his individual capacity for monetary damages, he may seek to amend his complaint, so long as he complies with the Federal Rules of Civil Procedure and this Court's local rule regarding proposed amended pleadings, *see* SDIL-LR 15.1.

Lastly, to the extent that Plaintiff intended to bring a claim against officials at Pinckneyville related to the practice of housing disabled and non-disabled inmates together, such a claim is unrelated to the claims involving correctional officer Belford and, therefore, must be brought in a separate suit.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that separate, unrelated claims belong in different suits).   Plaintiff, in fact, has another suit currently pending in this Court, *Malone v. Heidemann*, 15-cv-1104-MJR, which seems to relate to Plaintiff's concerns regarding housing disabled and non-disabled inmates together.  Plaintiff initiated that action by filing a motion for emergency injunction requesting that non-disabled inmates be removed from his cell.  (*See* 15-cv-1104, Doc. 1).  The Court denied the motion and

---

[1] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

[2] The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

ordered Plaintiff to file a complaint if he wished to proceed with that lawsuit. *Id*. at Doc. 8. To date, Plaintiff has not filed a complaint in that action. Because it is unclear whether Plaintiff will proceed on his ADA claim in *Malone v. Heidemann*, the Court will not sever the present ADA claim into a separate action. Rather, finding no concerns regarding the statute of limitations on this claim, the Court shall dismiss the ADA claim (Count 3) without prejudice. Plaintiff is free to pursue this claim in a separate action.

In conclusion, the Illinois Department of Corrections is **DISMISSED** from this action without prejudice. In addition, Defendant Belford is **DISMISSED** without prejudice. Plaintiff may seek to amend his complaint to add in a claim for damages against Defendant Belford on Counts 1 and 2, but for now Plaintiff may only proceed on his claim for injunctive relief as to Counts 1 and 2 against Defendant Warden of Pinckneyville. Plaintiff may not proceed against any other individuals (named or unnamed) in the complaint.[3]

### Motions for Temporary Restraining Order and Preliminary Injunction

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

---

[3] Because the Clerk of Court initially only added IDOC and Belford as Defendants in this case, they are the only two Defendants that the Court will order dismissed.

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

Without expressing any opinion on the ultimate merits of Plaintiff's complaint, the Court is of the opinion that a temporary restraining order is not warranted. Plaintiff asserts that correctional officer Belford has acted in a harassing and threatening manner towards Plaintiff, but the allegations are vague. It is unclear when Belford began harassing Plaintiff, whether Belford has ever used any forced against Plaintiff, and how exactly Belford has incited other inmates to harm Plaintiff. Moreover, while Belford's comment that if he were still in the military he would take out Plaintiff (along with other racial and ethnic groups he deemed undesirable), if true, is completely unprofessional as well as morally reprehensible, it is not entirely clear that it indicates a present intent to harm Plaintiff. For these reasons, the Court concludes that Plaintiff has failed to clearly show a substantial risk of serious injury that is likely to ripen into actual harm before the defendants can be heard. Therefore, the extraordinary step of issuing a TRO is not warranted.

Although the Court has found that immediate action in the form of a TRO is not warranted based solely on the allegations in the complaint, the Court finds that the motion for preliminary injunction deserves prompt consideration. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for preliminary injunction is hereby **REFERRED** to United States Magistrate Judge Williams, who shall address the motion as soon

as practicable, and issue a report and recommendation.  Because the motion for preliminary injunctive relief was not filed as a separate motion, the **CLERK OF COURT** is **DIRECTED** to make note of the pending motion for preliminary injunction on the docket sheet.  The period for filing any objections to the report and recommendation shall not exceed 14 days from the date of the report.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

### Disposition

**IT IS HEREBY ORDERED** that Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED WITHOUT PREJUDICE** from this action and Defendant **BELFORD** is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to add the **WARDEN OF PINCKENYVILLE**, in his or her official capacity, for purposes of injunctive relief only.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his request for injunctive relief on his Eighth Amendment deliberate indifference claim (Count 1) and his First Amendment retaliation claim (Count 2).

**IT IS FURTHER ORDERED** that Plaintiff's ADA claim (Count 3) is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's motion for temporary restraining order is **DENIED**; Plaintiff's motion for preliminary injunction remains **PENDING** and is **REFERRED** to Magistrate Williams.

The Clerk of Court shall prepare for Defendant **WARDEN OF PINCKENYVILLE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment.  If

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion for preliminary injunction.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application is made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney are deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
