IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   15-cv-1304-MJR-SCW |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Pursuant to **42 U.S.C. § 1983**, *pro se* Plaintiff William Malone, currently incarcerated at the Pinckneyville Correctional Center, filed his complaint against the warden of Pinckneyville, later identified as Jacqueline Lashbrook,[1] for injunctive relief associated with the actions of a corrections officer at the prison.   This matter is currently before the Court on Plaintiff's motion for a preliminary injunction (Docs. 1 and 4).   Defendant Lashbrook has filed a response to the motion (Doc. 25).   For the following reasons, the Court **DENIES** Plaintiff's motion for a preliminary injunction.

### FACTUAL BACKGROUND

Plaintiff filed his complaint on November 24, 2015, alleging that he was being harassed and retaliated against by Officer Belford, an employee at Pinckneyville.   The Court previously noted that Plaintiff's complaint is forty-five pages long, is difficult to understand, and contains numerous "confusing, unnecessary, and repetitive exhibits"

---

[1] As Lashbrook has identified herself as the warden of Pinckneyville, the Court **DIRECTS** the Clerk to substitute Lashbrook for the warden on the docket.

(Doc. 3, p. 2).  While not entirely clear as to what claims Plaintiff intended to bring, the Court narrowed Plaintiff's claim into two counts against Warden Lashbrook.  So narrowed, Plaintiff's complaint said that Belford harassed and threatened Plaintiff in an attempt to retaliate against him for filing lawsuits against Belford's co-workers (Doc. 3, p. 3).  Plaintiff alleges that Belford acquired information related to Plaintiff's criminal record and then provided that information to other staff members and inmates, and attempted to encourage other inmates to physically harm Plaintiff (*Id.*).  Plaintiff alleges that his life was threatened and that Belford previously indicated that if he was still in the military he would have a "green light" to take Plaintiff out (*Id.* at p. 3-4).

The Court found that Plaintiff adequately stated an Eighth Amendment claim for deliberate indifference to Plaintiff's safety (Count 1) and a First Amendment retaliation claim (Count 2) due to the actions of Corrections Officer Belford.  However, Plaintiff's complaint sought no money damages and only sought injunctive relief against Belford.  As such, the Court found that Plaintiff had failed to state a claim against Belford in his individual capacity and determined that only injunctive relief requests as to each count remained.  Thus, the Court found that the Warden at Pinckneyville, later identified as Jacqueline Lashbrook, was the proper defendant for Plaintiff's injunctive requests. Lashbrook was added to the case in her official capacity only.

In the caption of Plaintiff's complaint, Plaintiff labeled his complaint as an "Emergency Injunction" (Doc. 1).  Plaintiff's prayer for relief further asked that Belford be placed under investigation for his actions against Plaintiff, that he be relieved from

duty, and that a protective order be issued to keep Belford away from Plaintiff (Doc. 1, p. 7). The Court initially construed this request as one for a temporary restraining order, preliminary injunction, and a prayer for injunctive relief as an award at the close of the case (Doc. 3, p. 1). During the Court's threshold review, the Court denied Plaintiff's request to the extent he sought a temporary restraining order because it was unclear that Plaintiff was in any immediate danger from Belford (Doc. 3, p. 7). The Court noted that Plaintiff's allegations were vague and it was not clear when Belford began his harassment, whether force had ever been used, and how Belford incited other inmates to harm Plaintiff (*Id.*). Nor was there any indication that Belford presented a clear intent to harm Plaintiff in the present, based on his verbal comments to Plaintiff. While the temporary restraining order was denied, the Court left the preliminary injunction pending and directed Defendant Lashbrook to respond to the motion.

Lashbrook subsequently filed a response in opposition to the motion (Doc. 25). She argues that Plaintiff has not shown a likelihood of success on the merits or that he will suffer irreparable harm without an injunction. Lashbrook points out that while Plaintiff seeks an investigation into Belford, one was already conducted in March 2016. The Illinois State Police received a letter from Plaintiff alleging that he was being harassed and assaulted due to numerous grievances he filed against Belford (Doc. 25-1, p. 1). This letter was forwarded to Internal Affairs at Pinckneyville, who initiated an investigation and interviewed Belford, who denied the allegations (*Id.*). Internal Affairs ultimately closed the investigation finding Plaintiff's allegations unsubstantiated (*Id.*).

Lashbrook also argues that Plaintiff is not likely to suffer irreparable harm as he has very little contact, if any, with Plaintiff. Plaintiff is currently in cell 2B18 but Belford is assigned on the inner perimeter walk, meaning he directs movements outside of the cellhouse and is not in the cellhouse where Plaintiff is located (Doc. 25-1, p. 1). Lashbrook testified that she does not believe that Belford currently poses a threat of harm to Plaintiff (*Id*. at p. 2). Lashbrook also argues that the threat of harm to Plaintiff, which she finds to be minimal, does not outweigh the threat of harm to Belford if an injunction was issued. Specifically, Lashbrook points out that Plaintiff seeks to have Belford relieved from duty and such an order, in the form of an injunction during the pendency of this case, would cause great harm to Belford when there has been a limited showing of any potential harm to Plaintiff given Belford's current position at the prison.

## LEGAL STANDARDS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("**A preliminary injunction is an extraordinary remedy never awarded as of right**"). To obtain a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without an injunction, that the harm he would suffer is greater than the harm an injunction would inflict on defendants, and that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). The "considerations are

interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Id.*

In the context of prisoner litigation, there are further restrictions on the courts' injunctive power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act. ***Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).** Under the Act, preliminary relief "must be narrowly drawn," "extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2);** *see also* ***Westefer*, 682 F.3d at 683 (the Act "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage").**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.; see also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

ANALYSIS

Plaintiff seeks an injunction from the Court to place Belford under investigation and relieve him of his post. Plaintiff also requests a protective order from the Court to

keep Belford away from Plaintiff. Here, the Court finds that Plaintiff has not met his burden of showing that he is entitled to the injunctive relief that he seeks. Plaintiff has not shown a likelihood of success on the merits. The Court previously noted that Plaintiff's allegations regarding Belford were vague and unclear (Doc. 3, p. 7). His allegations do not indicate when Belford began harassing Plaintiff, if his harassment has continued, whether Belford has used force against Plaintiff, and how Belford has incited other inmates. Plaintiff failed to provide any specifics as to what Belford has done to cause Plaintiff to be in fear of his safety, nor has he shown that he faces an immediate threat. Further, it appears that the prison has already conducted an internal affairs investigation into Plaintiff's claims and could not substantiate his allegations against Belford. Plaintiff further fails to offer any additional evidence, since filing his complaint, to substantiate or expound on the vague allegations in his complaint.

In addition, Plaintiff has not shown that he is likely to suffer irreparable harm if an injunction is not entered. As previously stated, Plaintiff's allegations do not indicate when these threats took place, when or how he was attacked by other inmates at the direction of Belford, and whether he has any contact with Belford at this time. Lashbrook testified that Belford does not currently have a position within the cellhouse and is instead assigned to the inner perimeter walk where he directs movement outside the cellhouses. Thus, there is no indication in the record that Plaintiff has direct contact with Belford. As Plaintiff has not offered more to show that Belford currently poses Plaintiff any harm, the Court finds that a preliminary injunction is not warranted.

CONCLUSION

The Court **DENIES** Plaintiff's motion for a preliminary injunction (Docs. 1 and 4).

**IT IS SO ORDERED.**

**DATED:   July 5, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**