# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1304-MJR-SCW |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff William A. Malone is an IDOC inmate currently housed at Pinckneyville Correctional Center. On November 24, 2015, Plaintiff filed a *pro se* civil rights claim pursuant to 42 U.S.C. § 1983, against Jacqueline Lashbrook solely seeking injunctive relief for deliberate indifference to his safety (Count 1) and retaliation (Count 2) (Doc. 3). Plaintiff's claims stem from the actions of Correctional Officer Belford. As Plaintiff sought no money damages and only injunctive relief, Jacqueline Lashbrook, the warden at Pinckneyville Correctional Center, was the only proper defendant (Doc. 3, p. 4-5). Plaintiff was granted leave to proceed *in forma pauperis* on June 8, 2016 (Doc. 28).

Defendant Lashbrook has now filed a motion for sanctions (Doc. 43) for Plaintiff's failure to disclose his litigation history. Malone drafted his complaint using the standard Southern District of Illinois prisoner civil rights complaint form, and Section II of that form specifically asks him whether he has started "any other lawsuits in state or

federal court related to [his] imprisonment." Part B to that Section instructs an inmate to describe each lawsuit in the space provided on that page or to attach additional pages if necessary. The Section warns a *pro se* litigant that "[f]ailure to comply with this provision may result in summary denial of your complaint." Plaintiff checked the "yes" box indicating that he had filed previous lawsuits but noted only one lawsuit previously filed in this district, *Malone v. Heidemann*.[1] Plaintiff attached that complaint to his present complaint (Doc. 1-2, p. 1-9). Although it does not identify a case number, the complaint indicates it was filed in 2013. No other suits were listed in the complaint or attached to Plaintiff's complaint as a separate exhibit.

Defendant now argues that Plaintiff misrepresented his litigation history to the Court in that he has filed numerous other cases beyond the one identified in his complaint, and he neglected to list those other cases on the form. Defendants have identified nine other lawsuits filed by Plaintiff, including:

- *Malone v. City of Peoria*, et al., Case No. 12-cv-1257 (C.D. Ill.)
- *Malone v. Goetting*, Case No. 13-cv-38-JPG-PMF (S.D. Ill.)
- *Malone v. Dintleman, et al.*, Case No. 13-cv-125-JPG (S.D. Ill.)
- *Malone v. Davis, et al.*, Case No. 13-cv-126-JPG-PMF (S.D. Ill.)
- *Malone v. IDOC*, Case No. 13-cv-127-JPG (S.D. Ill)

---

[1] Plaintiff identifies the case as Case No. 15-cv-124 pending before Magistrate Judge Frazier, but that case number is attached to a case filed by another inmate. Plaintiff actually has two cases in this Court that goes by the case name *Malone v. Heidemann*. One case he filed in 2013 and was previously assigned to Magistrate Judge Frazier. *See Malone v. Heidemann*, Case No. 13-cv-124-NJR. He also has another case with the title Heidemann, which is currently pending before the undersigned. *See Malone v. Heidemann*, Case No. 15-cv-1104-MJR-SCW. That case was filed on October 6, 2015, a little over a month prior to Plaintiff filing his present lawsuit.

- *Malone v. Hill, et al.*, Case No. 13-cv-128-JPG-PMF (S.D. Ill.)

- *Malone v. Ardis*, Case No. 13-cv-1543 (C.D. Ill.)

- *Malone v. City of Peoria, et al.*, Case No. 13-cv-1559 (C.D. Ill.)

- *Malone v. Heidemann*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill)

The Court notes that case numbers 13-cv-124, 13-cv-125, 13-cv-126, 13-cv-127, and 13-cv-128, filed in this Court, were originally severed from *Malone v. Goetting*, Case No. 13-cv-38-JPG-PMF (S.D. Ill.) on February 6, 2013. **See Case No. 13-cv-38 (Doc. 7).** The Court further notes that *Malone v. Heidemann*, Case No. 15-cv-1104-MJR-SCW, is currently pending before the undersigned and contains claims very similar to the claims in this case.[2]

On June 30, 2017, Defendant Lashbrook filed the instant motion for sanctions asking the Court to dismiss Plaintiff's case for his misrepresentations in his complaint (Doc. 43). Plaintiff filed a response on July 26, 2017 (Doc. 47). Plaintiff argues that he suffers from numerous ailments including a hip replacement, gunshot wound to his thigh, numbness in right arm and leg, and blindness in one eye (Doc. 47, p. 1). He also indicates that he has been placed in solitary confinement and that the institution has retaliated against him in various ways (*Id.* at p. 2). He argues that Defendant's motion is "humbug & poppycock" and is not a jurisdictional issue found in the Federal Rules of

---

[2] Plaintiff's complaint in Case No. 15-cv-1104 alleges that Belford, a correctional officer identified in this case but not a defendant in this case, failed to protect him, instigated an attack on Plaintiff by other inmates by informing inmates Plaintiff was a rapist, and retaliated against him for a lawsuit he filed against another defendant Heidemann. Those claims are very similar to the allegations in this case, which seeks injunctive relief from the warden for the harassment, failure to protect, and retaliation caused by Belford.

Civil Procedure. He believes the motion to be a tactic to avoid discussing the merits of Plaintiff's complaint and that the Court should have allowed Plaintiff to amend his complaint if it noticed this discrepancy in his original complaint. He does not deny nor even address the fact that his original complaint fails to list any of his other lawsuits.

The standard Southern District of Illinois prisoner complaint form clearly requires prisoner plaintiffs to list any prior lawsuits they may have filed that relate to their imprisonment. The form then warns litigants that their complaint may be dismissed if they fail to list their full litigation history. As the Seventh Circuit recognized in *Hoskins v. Dart*, requiring prisoners to list their litigation history not only allows the Court to more effectively manage its docket, but it also "enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)." **633 F.3d 541, 543-44 (7th Cir. 2011).**

In the present case, Plaintiff failed to list in his complaint nine lawsuits that he has previously filed, including six filed in this district alone. Defendant notes that at least one case resulted in a "strike" pursuant to 28 U.S.C. § 1915(g). *See Malone v. Ardis*, **Case No. 13-cv-1543 (Doc. 7, entered December 3, 2013).** Plaintiff's failure to list these numerous lawsuits, including one with a strike, supports the notion that the omissions were intentional and fraudulent. Further, identification of Plaintiff's previously filed case in this Court, *see Malone v. v. Heidemann*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill), might have resulted in the dismissal of his present case as duplicative since they contain nearly identical claims. This also supports the argument that Plaintiff's actions were
Page **4** of **6**

intentional and fraudulent. Plaintiff does not deny that he failed to list the previously filed cases, nor does he offer any real excuse for the failure. He notes numerous ailments, although none of those appear to affect his ability to identify his previously filed lawsuits. He indicates that he is currently in segregation, that other inmates helped with his complaint, and that he is being retaliated against in numerous ways, but none of those issues excuse the fact that he failed to identify nine previous cases in his complaint, when the complaint clearly instructed Plaintiff to do so. While Plaintiff argues that this is not a jurisdictional issue, Plaintiff was given a direct order by the Court in his form complaint and he failed to follow that order. The Court finds this failure to be intentional.

Further, the Court does not find that a sanction against Plaintiff should be mitigated by the fact that the Court has access to cases through electronic filing. Plaintiff is required to inform the Court of his previous lawsuits; the Court should not have to go searching for Plaintiff's litigation history in other districts. Had he identified his lawsuit against Belford, Case No. 15-cv-1104, filed a little over a month before he filed this lawsuit, the Court might have dismissed the present case as duplicative or, at the very least, consolidated the two cases, as they have identical factual allegations. Plaintiff's failure to identify that previous case prevented the Court from effectively managing its dockets. Plaintiff was also warned that his failure to inform the Court of his previous cases could result in dismissal of his claim. The Court does not find that other, less severe sanctions would be effective in this case. Monetary sanctions would

not work because Plaintiff is already proceeding *in forma pauperis*, and limiting evidence or testimony in this case would only result in a likely dismissal or award of summary judgment to the defendants.  *See Rivera v. Drake*, **767 F.3d 685, 686-87 (7th Cir. 2014);** *see also Hoskins*, **633 F.3d at 543.**

In light of Plaintiff's intentional misconduct, the Court finds that dismissal of his case is an appropriate sanction.  Accordingly, the Court **DISMISSES with prejudice** Plaintiff's case for his misrepresentations to the Court.  Plaintiff's other pending motions (Docs. 46, 47, and 49) are **DENIED AS MOOT**.  The Clerk is **DIRECTED** to enter judgment consistent with this order and then close the case.

**IT IS SO ORDERED**.
DATED: August 15, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**